UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES

VERSUS

CEDRICK SCOTT

CIVIL ACTION

NO. 99-05-JJB-EWD

**RULING**

The following case is before the Court on a Motion to Vacate Pursuant 28 U.S.C. § 2255 (Doc. 145) brought by the Petitioner, Cedrick Scott. On April 26, 2016, Mr. Scott filed a Motion for Authorization to File a Successive 28 U.S.C. § 2255 petition. On August 1, 2016, the Fifth Circuit granted the Motion, and transferred the case to this Court for filing as a § 2255 Motion.[1] On March 3, 2017, Mr. Scott filed an Unopposed Motion for Summary Disposition of his Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Doc. 148). After reviewing Mr. Scott's brief, and because the Motion was unopposed, the Court summarily granted the Motion and ordered a presentence investigation and a resentencing hearing.[2] However, upon further review of the facts of this case and the holding of *Johnson v. United States*,[3] the Court finds that it committed an error in granting the Motion to Vacate Mr. Scott's Sentence. Accordingly, the Court's Order (Doc. 149) is **VACATED**, and the Petitioner's Motion to Vacate his Sentence (Docs. 145 & 148) is **DENIED**.

**I. LEGAL FRAMEWORK**

18 U.S.C. § 922(g)(1) prohibits any person who has been convicted of a felony from possession a firearm. On its own, this crime is punishable by a maximum of 10 years' imprisonment.[4] However, the Armed Career Criminal Act ("ACCA") mandates a minimum 15-

---

[1] Doc. 144.
[2] Doc. 149.
[3] *Johnson v. United States*, 135 S.Ct. 2551 (2015).
[4] 18 U.S.C. § 924(a)(2).

1

year sentence for a defendant who illegally possesses a firearm in violation of 18 U.S.C. § 922(g) and "has three previous convictions for a violent felony or a serious drug offense."[5]

A serious drug offense is an offense under federal law for which a maximum term of imprisonment of ten years or more is prescribed by law, or an offense under state law involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance, for which a maximum term of imprisonment of ten years or more is prescribed by law.[6] Violent felony is defined as: "any crime punishable by imprisonment for a term of one year" that meets one of three requirements: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" ("force clause"); (2) "is burglary, arson, or extortion, [or] involves the use of explosives" ("enumerated offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" ("the residual clause").[7] In *Johnson*, the Supreme Court declared the last clause unconstitutionally vague,[8] and in *Welch v. United States*, the Court held that this ruling applies retroactively.[9]

To prevail on a motion for resentencing under *Johnson*, a petitioner must (1) demonstrate that the sentencing court committed a constitutional error and (2) show that the error was prejudicial.[10] The petitioner can satisfy the first requirement by showing that the sentencing court *may have* relied on the residual clause during sentencing.[11] To satisfy the second requirement, a

---

[5] 18 U.S.C. § 924(e)(1).
[6] 18 U.S.C. § 924(e)(2)(a).
[7] 18 U.S.C. § 924(e)(2)(b).
[8] *Johnson*, 135 S.Ct. 2551.
[9] *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016).
[10] *Thrower v. United States*, Criminal Action No. 2004-903, 2017 WL 1102871, *3 (E.D.N.Y. Feb. 3, 2017); *United States v. Hamilton*, Criminal Action No. 06-188, 2017 WL 368512, *4 (N.D. Okla. Jan. 25, 2017) ("Once *Johnson* permits a Defendant to collaterally challenge his sentence based on a residual-clause error, the Court must apply current law on the enumerated offense clause to determine if that error was injurious or harmless.").
[11] *Thrower*, 2017 WL 1102871 at *3; *Hamilton*, 2017 WL 368512 at *3-4.

petitioner needs to show that absent the residual clause, he no longer has three convictions for violent felonies.[12]

## II. BACKGROUND

In December 1999, Mr. Scott pled guilty to one count in violation of 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon (Count 1), one count in violation of 21 U.S.C. § 841(a)(1) for possession with intent to distribute cocaine base (Count 2), and one count in violation of 18 U.S.C. § 924(c)(1) for carrying a firearm in relation to a drug trafficking crime (Count 3).[13] Judge Polozola sentenced the Petitioner to 300 months on Counts 1 and 2 to be served concurrently, and a term of 60 months on Count 3 to be served consecutively.[14] Mr. Scott was subject to the 15-year mandatory minimum under the ACCA based on the following prior convictions: one count of simple burglary under Louisiana law, one count of attempted manslaughter under Louisiana law, and one count of possession with intent to distribute cocaine under Louisiana law.[15] The Presentence Report ("PSR")[16], the objections to the PSR[17], and the sentencing transcript[18] all make clear that Judge Polozola, at least for the simple burglary conviction, was relying on the enumerated clause rather than the residual clause.

Despite the fact that his Motion to Vacate is unopposed, for the reasons explained below, the Court is bound to deny this Motion.[19]

---

[12] *Thrower*, 2017 WL 1102871 at *3; *Hamilton*, 2017 WL 368512 at *4.
[13] Doc. 39.
[14] *Id.*
[15] Presentence Report 6, Doc. 142.
[16] *Id.* at 6.
[17] Doc. 143.
[18] Doc. 48 at 7, 12-14.
[19] *See e.g.*, *Hetzel v. Bethlehem Steel*, 50 F.3d 360, 363 n. 3 (5th Cir. 1995) (disapproving of granting summary judgment solely on the basis of a lack of opposition and requiring courts to address the merits of the motion).

**III. ANALYSIS**

In his Unopposed Motion to Vacate, the Petitioner attempts to argue that *Johnson* applies to his case as follows:

> The Supreme Court's decisions in *Taylor v. United States, et al.*, make clear that the Louisiana Simple Burglary statute is broader than generic burglary and, thus, cannot be considered a violent crime under the "enumerated clause"…Since the Louisiana Simple Burglary statute does not qualify as a "violent felony" under the enumerated clause, the residual or "default" clause of the Armed Career Criminal Act would have provided the only avenue for Louisiana Simple Burglary to serve as a predicate offense under the ACCA. After the Supreme Court struck down the residual clause in *Johnson*…Mr. Scott can no longer be subject to the Armed Career Criminal penalties and his enhanced sentence under the Armed Career Criminal Act cannot stand.[20]

The Petitioner's argument appears to proceed as follows: (1) based on the current understanding of the law, especially the case of *Mathis v. United States*[21], Mr. Scott's conviction for Louisiana simple burglary *could not* have been a violent felony under the enumerated clause; (2) therefore, simple burglary could only have been counted as a predicate offense through reliance on the now-void residual clause; (3) accordingly, *Johnson* applies to Mr. Scott's case. This argument is defective because it rearranges the steps that constitute a proper *Johnson* inquiry.

Under a proper *Johnson* inquiry the Court must **first** analyze whether the sentencing court relied on the residual clause. "[T]he vast majority of the district courts that have considered the issue have decided that a petitioner meets his burden of proving constitutional error if the record is unclear and the petitioner shows that the sentencing court *may have relied* on the residual clause in calculating the sentence."[22] Then, and only then, can a court move to the second step to determine whether, even without the residual clause, the offense would still count as a predicate offense for enhancement purposes: "Once *Johnson* permits a Defendant to collaterally challenge

---
[20] Doc. 148-1.
[21] *Mathis v. United States*, 136 S. Ct. 2243 (2017).
[22] *Thrower*, 2017 WL 1102871 at *4 (emphasis in original).

4

his sentence based on a residual-clause error, the Court must apply *current* law on the enumerated offense clause to determine if that error was…harmless."[23]

Presently, *Mathis v. United States* is the governing case on how a court can determine whether a certain conviction, like a state burglary conviction, qualifies as an enumerated crime for enhancement purposes. Two points are important about *Mathis*. First, *Mathis* did not announce a new rule of law or have retroactive application to cases on collateral review.[24] Second, prior to *Mathis*, it appears that a conviction for Louisiana simple burglary was properly deemed a predicate offense under the enumerated clause as long as the charging documents or transcripts from guilty pleas revealed that the convictions involved an unauthorized entry into a building or structure (rather than entry into a vehicle, watercraft, or a cemetery).[25] However, in the post-*Mathis* years, at least one federal district court has applied *Mathis* to assess whether simple burglary in Louisiana qualifies as a predicate conviction under the enumerated clause, concluding that it does not.[26]

Against this backdrop, the Court cannot grant the Petitioner's Unopposed Motion. In essence, the Petitioner attempts to make *Mathis* retroactive in this case thereby triggering the *Johnson* residual clause problem. This is an incorrect way to approach *Johnson*. Before the Court can even assess these *Johnson* motions, a petitioner must first make a showing that the sentencing court *may have* relied on the residual clause. Here, Mr. Scott cannot make that showing because Judge Polozola was clear that he was relying on the enumerated clause. Judge Polozola and the probation office grappled with the complex comparison of Louisiana's simple burglary statute to

---

[23] *Hamilton*, 2017 WL 368512 at *4 (emphasis added); *Thrower*, 2017 WL 1102871 at *7 ("[N]umerous district courts that have considered the issue agree that courts should look to current law in deciding whether a crime constitutes a violent felony when a petitioner challenges his sentence under § 2255.") (collecting cases).
[24] *United States v. Taylor*, 672 Fed. App'x 860, 864 (10th Cir. 2016) (collecting cases); *Paz v. United States*, Civil Action No. 16-1815, 2017 WL 2954651 at *2 (N.D. Tex. May 18, 2017).
[25] *United States v. Cutley*, 476 Fed. App'x 429, 430 (5th Cir. 2012).
[26] *Hamilton*, 2017 WL 368512 at *12.

the generic burglary definition, which shows that he was utilizing the enumerated clause rather than the residual clause.[27]

Accordingly, the Court finds that Judge Polozola held that simple burglary was a predicate offense under the enumerated clause and not the residual clause. Additionally, the other two predicate offenses cited in the PSR (attempted manslaughter and possession with intent to distribute), were properly deemed predicate offenses under the "force clause" and the "serious drug offense" prong. Thus, there was no residual clause error in this case that would give Mr. Scott the benefit of *Johnson*.

## IV. CONCLUSION[28]

Accordingly, the Court's Order (Doc. 149) is **VACATED**, and the Defendant's Motion to Vacate his Sentence (Docs. 145 & 148) is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 9, 2017.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[27] Sentencing Tr. 7, 12-13 ("And I don't think there's any question, as the probation officer found, that the burglary that's involved here and the statute that's involved here, under Louisiana law, meets the definition required by 924(e). And I don't think there's any question…I mean you cited *Taylor* [a seminal enumerated clause case]. The probation officer relies on *Taylor*. I'm sure the U.S. Attorney is going to argue *Taylor*."), Doc. 48. Objections and Responses to PSR 2-4, Doc. 143 (Probation Officer explaining that Mr. Scott's simple burglary is a predicate offense under the enumerated clause).

[28] While the law dictates the Court's holding today, the Court is cognizant of the myriad problems created by the interaction of *Johnson* (which applies retroactively) and *Mathis* (which does not) especially where the predicate offense was Louisiana simple burglary and was deemed a predicate offense under the enumerated clause.