UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES | CIVIL ACTION |
|---|---|
| VERSUS | |
| CEDRICK SCOTT | NO. 99-00005-JWD-EWD |

RULING

Before the Court is Cedrick Scott's *Motion to Alter or Amend Judgment Denying Petition for Writ of Habeas Corpus* brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] The Government has filed a *Response* and does not oppose Scott's *Motion*.[2] Petitioner has also filed a *Supplemental Memorandum in Support* of his *Motion*.[3] For the following reasons, the *Motion* shall be granted.

I.  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

In December 1999, Scott pled guilty to one count in violation of 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon (Count 1), one count in violation of 21 U.S.C. § 841(a)(1) for possession with intent to distribute cocaine base (Count 2), and one count in violation of 18 U.S.C. § 924(c)(1) for carrying a firearm in relation to a drug trafficking crime (Count 3).[4] Judge Polozola sentenced Scott to a term of 300 months on Count 1 and 240 months on Count 2 to be served concurrently, and to a term of 60 months on Count 3 to be served consecutively on Counts 1 and 2.[5] Petitioner was subject to the fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA") based on the following prior convictions:  one count

---

[1] Doc. 156.
[2] Doc. 165.
[3] Doc. 164.
[4] Doc. 39. (under seal)
[5] Doc. 39. (under seal)

of simple burglary under Louisiana law; one count of attempted manslaughter under Louisiana law; and one count of possession with intent to distributed cocaine under Louisiana law.[6]

On July 5, 2016, Petitioner filed a *Motion for Authorization to File a Successive 28 U.S.C. § 2255 Petition*.[7] The Fifth Circuit granted Scott's *Motion* on August 1, 2016, and transferred the motion and related pleadings to this Court for filing as a Section 2255 motion.[8] On March 3, 2017, Scott, joined by the Government, moved this Court to grant his Section 2255 *Motion to Vacate*.[9] Relying upon the United States Supreme Court's decision, *Johnson v. United States*,[10] the parties agreed that Scott no longer qualified as an armed career criminal.[11] On March 6, 2017, this Court granted Petitioner's *Motion to Vacate*.[12] However, on August 10, 2017, the Court issued a *Ruling*, *sua sponte*, which vacated its March 6, 2017 *Order*, in which the Court denied the Petitioner's *Motion to Vacate* his sentence.[13] In its *Ruling*, the Court concluded that there was no residual clause error in this matter that would have given the Petitioner any relief under *Johnson*.[14]

Petitioner now moves the Court to reconsider its August 10, 2017 *Ruling*. The Government agrees with Scott's position and requests that the Court grant Petitioner's *Motion* and vacate his sentence.

---

[6] Doc. 142, p. 6. (under seal)
[7] Doc. 145.
[8] Doc. 144.
[9] Doc. 148.
[10] 131 S. Ct. 2267 (2015).
[11] Doc. 148-1, p. 2.
[12] Doc. 149; Doc. 145.
[13] Doc. 155 vacated Doc. 149 and resulted in the denial of Doc. 145, as well as Doc. 148.
[14] Doc. 155, p. 6.

## II. LEGAL STANDARD

A. RULE 59(e)

Pursuant to Rule 59(e), a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."[15] The Federal Rules of Civil Procedure are applicable to federal habeas practice only "to the extent that they are not inconsistent with any statutory provisions or these rules."[16] In order to prevail on a Rule 59(e) motion to alter or amend judgment, the movant must show (1) an intervening change in controlling law; (2) the availability of new evidence no previously available; or (3) a manifest error of law or fact. Essentially, a Rule 59(e) motion "calls into question the correctness of a judgment."[17] Courts have "considerable discretion" to grant or deny a Rule 59(e) motion.[18] Overall, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[19]

B. Armed Career Criminal Act

The Armed Career Criminal Act ("ACCA") provides in pertinent part as follows:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, [or] involves the use of explosives [enumerated offense clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause]; . . . .[20]

---

[15] Doc. 156. Fed. R. Civ. Proc. R. 59(e).
[16] Rule 12, Rules Governing Section 2255 Proceedings.
[17] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(quotation omitted).
[18] *Id.* at 483.
[19] *Id.* at 479.
[20] 18 U.S.C. §924(e)(2)(B).

In *Johnson v. United States*, the Supreme Court declared the residual clause of the ACCA to be unconstitutionally vague,[21] and in *Welch v. United States*, the Court held that *Johnson* applies retroactively on collateral review.[22]

**III.   ANALYSIS**

Petitioner asserts, and the Government concurs, that this Court made a manifest error of fact when it found that "Judge Polozola was clear that he was relying on the enumerated clause" in imposing the ACCA sentencing enhancement.[23] Based upon this erroneous factual finding, the Petitioner further asserts that the Court made a manifestly erroneous legal finding by concluding that there was no residual clause error.

The Court has reviewed the transcript from Petitioner's sentencing, the Presentence Investigation Report (PSR), the Objections to the PSR, and the Addendum to the PSR.[24] According to his PSR, in regard to his simple burglary conviction, Scott "was originally charged and billed with simple burglary of an inhabited dwelling. On the date of Scott's plea, the bill of information was amended to simple burglary. However, this document charges that he committed the offense of simple burglary, in that, he burglarized a dwelling, to wit: a residence belonging to Jerry Johnson."[25] As a result, the Probation Officer determined that Scott had three prior convictions for a "violent felony" or a "serious drug offense," and therefore, qualified as an armed career criminal. The PSR does not reference which clause defining "violent felony" under 18 U.S.C. § 924(e)(2)(B) was relied upon in concluding that simple burglary qualified as a "violent felony."

---

[21] *Johnson v. United States*, 135 S.Ct. 2251 (2015). The Supreme Court in Johnson did not call into question the elements clause, the enumerated clause, or the serious drug offenses provision of the ACCA. *Id.* at 2563.
[22] *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016).
[23] Doc. 164, p. 2.
[24] Doc. 48 (under seal), Doc. 142 (under seal), Doc. 143 (under seal).
[25] Doc. 142, p. 6. (under seal)

4

In Objection No. 2, Scott clearly disagreed with the PSR on whether his guilty plea of simple burglary qualified as "a crime of violence for purposes of enhancement under 18 U.S.C. § 924(e)."[26] He argued that while simple burglary of an inhabited dwelling "involves the potential risk of physical injury . . . simple burglary lacks the element of habitation that gives risk to this potential."[27] Notably, in this particular Objection, Scott quoted the express language of the residual clause of the ACCA.

In response to Scott's argument regarding the residual clause language, the Probation Officer concluded as follows:

> The following information is presented for the sake of the defendant's argument that Louisiana law differentiates the offenses of simple burglary and simple burglary of an inhabited dwelling. He states that the latter involve[s] the potential risk of physical injury to another and the other lacks the element of habitation that gives risk to this potential. The probation officer reviewed the bill of information regarding the charge to which the defendant pled guilty. On May 17, 1989, Assistant District Attorney Thomas C. Walsh, Jr. amended the bill of information to read as follows: " . . . Ronald Nixon and Danny William A/K/A Cedric Scott on or about the 23rd day of February 1989, committed the offense(s) of simple burglary, violation Louisiana Revised Statutes 14:62, in that they burglarized a dwelling, to wit: a residence belonging to Jerry Johnson, . . . ." The probation officer, therefore, concludes that the defendant committed burglary of a dwelling.[28]

During his sentencing, Judge Polozola considered and ultimately denied Scott's Objection No. 2. Judge Polozola explained that he did not "think there's any question, as the probation officer found, that the burglary that's involved here and the statute that's involved here, under Louisiana law, meets the definition required by 924(e)."[29] Judge Polozola concluded that he really did not "need to add much more to what the probation officer says here, which I will adopt," and

---

[26] Doc. 143, p. 1. (under seal)
[27] Doc. 143, p. 1. (under seal)
[28] Doc. 143, pp. 3-4. (under seal)
[29] Doc. 48, p. 13. (under seal)

denied Scott's Objection "for the reasons set forth by the probation officer" as well as those reasons set forth in a related case.[30]

Based on the foregoing, the Court finds that, contrary to its prior position, it is far from clear that the sentencing court relied solely upon the enumerated clause of the ACCA. At no point during Petitioner's sentencing did Judge Polozola explicitly state that he was relying on either the enumerated clause or the residual clause of Section 924(e)(2)(B)(ii); rather, the record evinces that Judge Polozola only referred generally to the three part definition of "violent felony" contained in Section 924(e). Moreover, in objecting to his simple burglary conviction qualifying as a violent felony, Scott expressly quoted the language of the residual clause of the ACCA when he argued that such a crime did not involve "the potential risk of physical injury to another."[31] And, as previously discussed, Judge Polozola denied Petitioner's Objection for those reasons set forth by the Probation Officer. Having had the opportunity to revisit the factual and procedural background in this case, it appears to the Court that Judge Polozola may have relied upon the residual clause in determining that Scott's simple burglary conviction was a violent felony.

As this Court previously, and correctly explained, a vast majority of the district courts have determined that a petitioner asserting a *Johnson* violation satisfies his burden of proving constitutional error if the record is unclear and the petitioner shows that the sentencing court *may have relied* on the residual clause in calculating his sentence.[32] In this case, the Court finds that because the record is unclear and Scott has shown that his sentence may have been predicated on the residual clause (i.e., Objection No. 2 to the PSR), Scott has satisfied his burden of

---

[30] Doc. 48, p. 14. (under seal) Judge Polozola also adopted the reasons from another sentencing over which he had presided, *United States v. Lawrence Jones*, 99-cr-37. However, the parties are in agreement that the sentencing transcript from the *United States v. Lawrence Jones* matter is unavailable because the court reporter is deceased and there are no available records to prepare the transcript. Doc. 162, p. 2; Doc. 164, p. 3.
[31] Doc. 143, p. 1. (under seal)
[32] *Thrower v. United States*, 234 F.Supp.3d 372, at 377-378 (E.D.N.Y. Feb. 13, 2017)(discussing other district court decisions supporting this position).

demonstrating constitutional error under *Johnson*. Accordingly, the Court hereby finds that it committed manifest error of fact when it found that Judge Polozola clearly relied upon the enumerated clause during Scott's sentencing.[33] The Court further finds that its legal conclusion that there was no residual clause error by the sentencing court was manifestly erroneous.

IV. **CONCLUSION**

For the foregoing reasons, Cedrick Scott's *Motion to Alter or Amend Judgment Denying Petition for Writ of Habeas Corpus* brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is hereby **GRANTED**.[34]

**IT IS FURTHER ORDERED** that the Court's August 10, 2017 *Ruling* is hereby amended and altered in its factual findings and holding to reflect that because the sentencing record in this matter is unclear, and because Cedrick Scott has shown that his sentence may have been predicated on the residual clause, Petitioner has demonstrated a constitutional error that gives him the benefit of *Johnson*.

**IT IS FURTHER ORDERED** that the Court's August 10, 2017 *Ruling* is altered such that Cedrick Scott's *Motion to Vacate pursuant to 28 U.S.C. §2255* is hereby GRANTED.[35]

**IT IS HEREBY FURTHER ORDERED** that the Probation Office shall complete an amended pre-sentence investigation report.

---

[33] Because the Court found that the sentencing court had not relied upon the residual clause, it never reevaluated whether Scott had shown that the constitutional error was prejudicial. In this case, the parties were in agreement that Scott had been prejudiced as a result of the sentencing court's constitutional error. Doc. 148-1. In light of the instant *Ruling*, the Court will once again accept the parties' joint position that Scott was prejudiced by the sentencing court's reliance on the residual clause.
[34] Doc. 156.
[35] Docs. 145 and 148.

**IT IS FURTHER ORDERED** that a resentencing hearing is hereby set for August 3, 2018 at 10:30 a.m. in Courtroom 1.

The Clerk of Court is directed to send a copy of this *Ruling* to the United States Marshal's Office.

Signed in Baton Rouge, Louisiana, on <u>May 10, 2018</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**